1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ADINA RINGLER, individually and on behalf of all other persons similarly situated,

                    Plaintiff,

        v.

CALENDLY, LLC,

                    Defendant.

Case No.    2:23-cv-6601

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

Plaintiff Adina Ringler ("Plaintiff") brings this class action complaint on behalf of herself and all others similarly situated (the "Class Members") against Calendly, LLC ("Defendant" or "Calendly"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1.     This is a class action suit brought against Defendant for aiding, agreeing with, employing, or otherwise enabling the wiretapping of the electronic communications of visitors to Calendly's website, Calendly.com (the "Website"). The wiretaps, which are embedded on the Website, are used without the consent of visitors to the Website.  Calendly contracts with a third party, Heap, Inc. ("Heap"), to provide the software that runs on the Calendly Website.  The electronic communications of users of the Website are routed through the servers of and are used by Heap to, among other things, secretly observe and record the Website visitors' electronic communications in real time.  The nature of Heap's licensing agreement with Calendly is such that Calendly "aids, agrees with, employs, or conspires" to permit Heap to read, attempt to read, to learn, and/or use the electronic communications of Plaintiff and the Class Members when visiting the Website without their consent, thus violating the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631.

2.     Plaintiff brings this action on behalf of all persons who visited Calendly's Website, and whose electronic communications were intercepted or recorded by Heap.

## THE PARTIES

3.     Plaintiff Adina Ringler is a California resident and citizen who resides in Los Angeles, California.  Ms. Ringler has visited the Calendly Website on multiple occasions from her computer while in California.  One such instance was in

or about December 2022.  During these visits, Ms. Ringler's keystrokes, mouse clicks, and other communications – such as the personal appointments scheduled on Calendly's Website – were intercepted in real time by Heap.  Ms. Ringler was unaware at the time that her keystrokes, mouse clicks, and other electronic communications were being intercepted in real-time by Heap, nor did Ms. Ringler consent to the same.

4.      Defendant Calendly, LLC is a Georgia corporation with its principal place of business at 88 N Avondale Rd, #603, Avondale Estates, GA, 30002. Defendant Calendly develops, owns, and operates Calendly.com (the "Website"), an industry-leading online appointment scheduling platform that permits users to create and manage appointments by seamlessly integrating with their e-mail providers. Defendant's Website is used widely throughout California and the United States.

5.      Defendant procured Heap to manage and collect its Website's visitors' data, as alleged in greater detail below.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one member of the class is a citizen of a state different from any Defendant, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the proposed class contains more than 100 members.

7.      This court has personal jurisdiction over Defendant because a substantial portion of the events giving rise to this cause of action occurred here. Plaintiff is domiciled and suffered her primary injury in this district.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

# FACTUAL ALLEGATIONS

## I.    Overview Of Heap's Business Model

9.    Heap is a leading digital insight software company that provides multiple services and products to businesses and enterprises.

10.    Heap's platform enables companies to implement a "single snippet" which permits them to "grab[] every click, swipe, tap, pageview, and fill — forever."[1]  In addition, Heap enables companies to use "Session Replay," which "combines user behavior with a periodically captured copy of [their] website content (e.g. images, CSS files, fonts, etc.) to create a viewable reconstruction of the user session."[2]  Finally, Heap automatically tags anonymous users with a unique identifier which permits companies to "tie together user behavior across platforms, browsers, and devices into a single user profile."[3]

11.    In effect, Heap enables companies to create a 360-degree view of unsuspecting customers, including sensitive data such as booking appointments made through Calendly's Website.

## II.    Overview Of Heap's Wiretaps

12.    To enable Heap to track website users, website owners insert Heap's proprietary software code into their webpages and applications, unbeknownst to the webpage or application users.

13.    When a user visits a website that contains Heap's software code, the user's browser sends a "GET request" to the website server.  The server responds by sending JavaScript that contains the Heap software, as defined below, which instructs the user's browser to send another GET request to Heap.  Heap then utilizes

---

[1] https://www.heap.io/platform/autocapture (last accessed Aug. 10, 2023).

[2] https://help.heap.io/session-replay/session-replay-overview/what-is-session-replay-in-heap-and-how-do-i-get-it/ (last accessed Aug. 10, 2023).

[3] https://help.heap.io/getting-started/setting-up-heap/enrich-your-dataset-via-apis/ (last accessed Aug. 10, 2023).

its JavaScript to automatically collect data from the website in real-time.  Through this process, Heap is able to extract the website visitor's attributes.

14.    14.    Specifically, the data that Heap collects from these website visitors includes but is not limited to:  (1) pageviews; (2) clicks; (3) inputs; (4) tap and mouse clicks; (5) scrolls and swipes; (6) long loading spinners; (7) session time (active time); (8) rage clicks; (9) frequent refreshes; (10) site errors; (11) JS errors.[4]

15.    After extracting user data from a website, Heap subsequently assigns users a "User ID" to enable its client to "maintain user histories across sessions and devices under a single profile."[5]

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

---

[4] https://help.heap.io/session-replay/session-replay-overview/what-does-session-replay-capture/ (last accessed Aug. 10, 2023).

[5] https://developers.heap.io/docs/using-identify (last accessed Aug. 10, 2023).

1



**Anonymous to Existing Identity**

In the last example, we identified a user with the unique user ID of 12345. Let's say that this person visits your site from their mobile device for the first time. Heap will generate a new, random, unique userID, in this case it's 5404281197559477. In Heap's Users view, this visitor looks like this:

When this person logs in, and you recognize that their internal user ID is 12345, you can call identify like this:

```javascript
//userId = '12345'
heap.identify(userId);
```

The previous user's profile with the random user ID of 1565941335949135 is merged, along with its previous sessions and events into the Heap profile of the identified user with the identity of 12345.

16.    As illustrated above, Heap's clients are able to aggregate a massive amount of information from unsuspecting visitors by running Heap's JavaScript on their websites.  In effect, Heap allows its clients to transform "anonymous" webpage visitors into "known" visitors—including all of their previous online history – as well as additional information including their (1) geolocation, (2) user device, (3)

browser type, (4) IP addresses, and (5) referrer URLs, among other data sources.[6]

17.    Heap maintains a symbiotic relationship with its clients.  In exchange for the above-referenced benefits, Heap has been able to create a marketplace where it upsells its proprietary data-collection tools with other technology providers: "The Heap Partner Network (HPN) is a community of best-in-class technology vendors and solutions providers working to leverage advanced product insights to drive value for our mutual clients."[7]  As such, in addition to charging licensing fees from its clients, Heap benefits from its client's data by incentivizing "technology partners" to pay a premium to be able to integrate their products with Heap's proprietary database—which Heap permanently stores in its own servers.  As such, Heap does not merely function as a tape recorder at the behest of its clients.  Instead, Heap acts as an encryption patent holder that will only decipher its clients' coded messages to other software providers that join its "Heap Partner Network" for a profit.

**III.    Heap, As Procured By Calendly, Intercepts Communications on Calendly.com Between Visitors and Calendly, Including Plaintiff's**

18.    Calendly owns and operates the Calendly.com website (the "Calendly Website").

19.    Calendly enabled, allowed, or otherwise procured Heap to intercept communications between Calendly and visitors to the Calendly Website through a contractual arrangement.  Calendly procured Heap to embed the Heap JavaScript on the Calendly Website:

///

///

///

///

---

[6] https://help.heap.io/getting-started/how-heap-works/autocaptured-data/ (last accessed Aug. 10, 2023).

[7] https://www.heap.io/partners (last accessed Aug. 10, 2023).

1
2
3
4
5
6
7
8
9
10
11



12      20.    Heap operates on Calendly's Website in the same manner as alleged

13  above, including, but not limited to, its "autocapture," "session replay" and

14  "identify" features.

15      21.    Calendly's use of Heap on its Website is particularly problematic

16  because, as an online scheduling platform, Heap collects, highly sensitive

17  information about the nature of their appointment (*e.g.*, medical, legal, or financial),

18  as well as information from invitees: such as their names, email addresses, phone

19  numbers, credit card numbers, and other identifiers or credentials.  In addition,

20  Calendly also allows Heap to record the specific reasons that an invitee may have in

21  deciding to cancel or reschedule an appointment in the "Reason for change" textbox

22  on the Website.

23      22.    Plaintiff and other Class Members accessed the Calendly Website

24  through their internet browsers in California.  Upon having their browsers access the

25  website in California, the browser sent a GET request from California to the

26  Calendly Website's servers.  The Calendly Website then sent a signal to a web

27  browser instructing the browser in California to send another GET request to Heap.

28  The web browser then sent another GET request from California to Heap, which then

began tracking Plaintiff and the Class Member's communication on the Calendly Website.

23.    When Plaintiff and other Class Members visited Calendly's Website, the contents of their website communications – namely, the pieces of data alleged above – were intercepted in real-time by Heap as procured by Calendly.  Heap then used that data to create unique identifiers for each website visitor, including Plaintiff, in order to allow Calendly to create profiles for its user and monitor their interactions with the Website even while using multiple devices. Heap also retained and agglomerated this information, and subsequently used it to incentivize other software companies to join its lucrative "Heap Partner Network."

## CLASS ACTION ALLEGATIONS

24.    **Class Definition:** Plaintiff seeks to represent a class of California residents who visited Calendly.com in California and whose electronic communications were intercepted by Heap (the "Class").

25.    Specifically excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.

26.    Plaintiff reserves the right to modify the class definition, including by using subclasses, as appropriate based on further investigation and discovery obtained in the case.

27.    The "Class Period" is the time period beginning on the date established by the Court's determination of any applicable statute of limitations, after consideration of any tolling, concealment, and accrual issues, and ending on the date of entry of judgement.

28.    *Numerosity.*  Members of the Class are so numerous that their individual joinder herein is impracticable.  Upon information and belief, members of the Class number in the millions. The precise number of Class Members and their

identities are unknown to Plaintiff at this time but may be determined through discovery.  Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

29.    ***Commonality and Predominance.***  Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to, whether Defendant has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631; and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

30.    ***Typicality.***  The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other class members, visited the Calendly Website and had her electronic communications intercepted and disclosed to Heap—as enabled by Calendly—through the use of Heap's wiretaps.

31.    ***Adequacy.***  Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she will prosecute this action vigorously.  The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

32.    ***Superiority.***  The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.  Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer.

33.    Defendant has acted or failed to act on grounds generally applicable to

the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

34.     Without a class action, Defendant will continue a course of action that will result in further damages to Plaintiff and the Class Members and will likely retain the benefits of its wrongdoing.

35.     Based on the foregoing allegations, Plaintiff's claims for relief include those set forth below.

## FIRST CAUSE OF ACTION
### Violation of the California Invasion of Privacy Act
### Cal. Penal Code § 631, *et seq.*, ("CIPA")

36.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

37.     Section 631(a) of CIPA provides for damages and other relief against any person who "by means of any machine, instrument, contrivance, or in any other manner," did any of the following:

    a.     Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system;

    *Or*

    b.     Willfully and without the consent of all parties to the communication,or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state;

    *Or*

    c.     Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained;

    *Or*

d.   Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

38.    Section 631(a) of the CIPA is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email.    *See Matera v. Google Inc.*, 2016 WL 8200619, at *20 (N.D. Cal. Aug. 12, 2016) (CIPA applies to "new technologies" and must be construed broadly to effectuate its remedial purpose of protecting privacy); *Bradley v. Google, Inc.*, 2006 WL 3798134, at *5-6 (N.D. Cal. Dec. 22, 2006) (CIPA governs "electronic communications"); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020) (reversing dismissal of CIPA and common law privacy claims based on Facebook's collection of consumers' Internet browsing history).

39.    Heap's tracking software is a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct at issue here.

40.    At all relevant times, by using Heap's JavaScript, Heap, as procured by Defendant, intentionally tapped, electrically or otherwise, the lines of internet communication between Plaintiff and the Class Members, on the one hand, and Defendant Calendly, on the other, without their consent.

41.    The amount of information that Defendant collected by using Heap's JavaScript constitutes the "content" of Plaintiff's and the Class Members' communications with the Calendly Website and arises to the level of common law invasion of privacy.  Specifically, the Heap JavaScript acquired the browsing history of Plaintiff and the Class Members when visiting the Calendly Website including, but not limited, to their (1) pageviews; (2) clicks; (3) inputs; (4) tap and mouse clicks; (5) scrolls and swipes; (6) long loading spinners; and (7) session time (active time); and (8) rage clicks.  Heap then aggregated this data through its "User IDs" to collect other personally identifiable information associated with the Website's users including, but not limited to, their (1) geolocation, (2) user device, (3) browser type,

(4) IP addresses, and (5) referrer URLs.

42.     Furthermore, Heap provided this aggregated data to Calendly to enable it to learn deep insights, or otherwise enrich, its unknown user base.  Heap's tracking software and contractual arrangements also permitted Calendly to track its known, and unknown, userbase throughout the web by providing Calendly the "referrer URLs" that its clients clicked on before accessing the Website.  *Davis v. Facebook, Inc. (In re Facebook Inc. Internet Tracking Litig.)*, 956 F.3d 589, 605 (9th Cir. 2020) ("Plaintiffs allege that the URLs in the instant case could emanate from search terms inputted into a third-party search engine.  These terms and the resulting URLs could divulge a user's personal interests, queries, and habits on third-party websites operating outside of Facebook's platform.").  Furthermore, through its "autocapture" and "session replay" features, Heap permitted Calendly to eavesdrop on the nature of the online appointments booked on Website (including health, legal, and financial appointments) as well as the reasons provided by users of the Website in deciding to cancel or reschedule existing appointments.

43.     Defendant Calendly aided, agreed with, and conspired with Heap to implement Heap's technology and to accomplish the wrongful wiretapping of the visitors of the Calendly Website.  In addition, Calendly employed Heap to accomplish its own wrongful wiretapping of the offline activity of its Website visitors, as detailed herein.

44.     Plaintiff and Class Members did not consent to any of Defendant's actions in implementing the wiretaps.  Plaintiff and the Class Members did not consent to Heap's access, interception, reading, learning, recording, and collection of Plaintiff and the Class Members' electronic communications.  Similarly, Plaintiff and the Class Members did not consent to Defendant's tracking of their offline activity before or after accessing the Calendly Website.

45.     As a result of Defendant's violations of Section 632 of CIPA, Plaintiff and the Class Members are entitled to damages, statutory damages, punitive

damages, injunctive and declaratory relief, and attorneys' fees and costs pursuant to Cal. Penal Code § 637.2.

**SECOND CAUSE OF ACTION**
**Violation of the California Invasion of Privacy Act**
**Cal. Penal Code § 635, *et seq.*, ("CIPA")**

46.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

47.     Section 635 of CIPA provides for damages and other relief against any person who:

> a.     Every person who manufactures, assembles, sells, offers for sale, advertises for sale, possesses, transports, imports, or furnishes to another any device which is primarily or exclusively designed or intended for eavesdropping upon the communication of another;

> *Or*

> b.     any device which is primarily or exclusively designed or intended for theunauthorized interception or reception of communications between cellular radio telephones;

> c.     between a cellular radio telephone and a landline telephone in violation of Section 632.5;

> *Or*

> d.     communications between cordless telephones or between a cordless telephone and alandline telephone in violation of Section 632.6.

48.     At all relevant times, by implementing Heap wiretaps, Defendant intentionally manufactured, assembled, sold, offered for sale, advertised for sale, possessed, transported, imported, and/or furnished a wiretap device that is primarily or exclusively designed or intended for eavesdropping and intercepting the communication of another.

49.     Heap's code is a "device" that is "primarily or exclusively designed" for

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    13

eavesdropping and intercepting communications.   That is, the Heap JavaScript and the Heap Partner Network which it hosts are designed to intercept and gather the contents of electronic communications, including the Plaintiff and the Class Members' visits to the Calendly Website and their offline activity outside of the Calendly Website.

50.    Plaintiff and the Class Members did not consent to any of Defendant's actions in implementing Heap's wiretaps.

51.    As a result of Defendant's violations of Section 635 of CIPA, Plaintiff and the Class Members are entitled to damages, statutory damages, punitive damages, injunctive and declaratory relief, and attorneys' fees and costs pursuant to Cal. Penal Code § 637.2.

## THIRD CAUSE OF ACTION
### Statutory Larceny
### Cal. Penal Code § §§ 484 and 496

52.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

53.    Cal. Penal Code § 496(a) prohibits the obtaining of property "in any manner constituting theft."

54.    Cal. Penal Code § 484 defines theft, and provides:

> Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft.

55.    Cal. Penal Code § 484 thus defines "theft" to include obtaining property

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    14

by false pretense.

56.     Under California law, personal information constitutes property for the purpose of Cal. Penal Code § 496(a).  *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 635 (N.D. Cal. 2021) (collecting cases).

57.     Cal. Civ. Code § 1798.140, defines personal information as "information that identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household," including "Internet or other electronic network activity information," such as "browsing history, search history, and information regarding a consumer's interaction with an internet website, application, or advertisement."

58.     The data that Defendant collected by installing the Heap JavaScript into the computers of Plaintiff and the Class Members' visit to the Calendly Website was aggregated to create a consumer profile, and their interactions with Calendly Website constitute personal information.

59.     Defendant intentionally designed and implemented the Heap wiretaps unbeknownst to Plaintiff the Class Members whose computers were thus deceived into providing personal information to Defendant and Heap.

60.     Defendant acted in a manner constituting theft and/or false pretense.

61.     Defendant stole, took, and/or fraudulently appropriated Plaintiff and the Class Members' personal information without their consent.

62.     Defendant concealed, aided in the concealing, sold, and/or utilized Plaintiff's and the Class Members' personal information that was obtained by Defendant for Defendant's commercial purposes and the financial benefit of Defendant.

63.     Defendant knew that Plaintiff's and the Class Members' personal information was stolen and/or obtained because Defendant implemented the Heap wiretaps that tracked Plaintiff's and the Class Members' personal information and

operated it in a manner that was concealed and/or withheld from Plaintiff and the Class Members.

64.     The reasonable and fair market value of the unlawfully obtain personal data can be determined in the marketplace.

## FOURTH CAUSE OF ACTION
### Violations of California Unfair Competition Law
### Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL")

65.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

66.     The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising."  Cal. Bus. & Prof. Code § 17200. 409. Defendant is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

67.     Defendant violated the UCL by engaging in unlawful and unfair business acts and practices.

68.     Defendant's "unlawful" acts and practices include its violation of the California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.* California Invasion of Privacy Act, Cal. Penal Code §§ 635, *et seq.*; and California Statutory Larceny, Cal. Penal Code §§ 484 and 496.

69.     Defendant's conduct violated the spirit and letter of these laws, which protect property, economic and privacy interests and prohibit unauthorized disclosure and collection of private communications and personal information.

70.     Defendant's "unfair" acts and practices include their violation of property, economic and privacy interests protected by the: California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq.*; the California Invasion of Privacy Act, Cal. Penal Code §§ 635, *et seq.*; and California Statutory Larceny, Cal. Penal Code §§ 484 and 496.

71.     To establish liability under the unfair prong, Plaintiff needs not to

establish that these statutes were actually violated, although the claims pleaded herein do so.

72.    Defendant never obtained Plaintiff's or the Class Members' permission to intercept or read their communications on the Calendly Website or send their personal information to third-parties such as Heap or the Heap Partner Network without their consent.  Plaintiff and the Class Members thus had no reason to know and could not have anticipated this intrusion into their privacy by the disclosure of their private communications on the Calendly Website.  Defendant acted in concert with Heap in violating the privacy expectations of Plaintiff and the Class Members. Defendant's conduct was immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff and the Class Members.  Further, Defendant's conduct narrowly benefitted their own business interests at the expense of Plaintiff's and the Class Members' fundamental privacy interests protected by California's state laws.

73.    Defendant's concealment of Heap's wiretapping is material to reasonable consumers:  if given a choice they would not want the information at issue shared with third parties such as Heap and the Heap Partner Network.

74.    Plaintiff has suffered injury-in-fact, including the loss of money and/or property as a result of Defendant's unfair and/or unlawful practices, to wit, the unauthorized disclosure and taking of her personal information which has value as demonstrated by its use and sale by and amongst Defendant and Heap.  Plaintiff has suffered harm in the form of diminution of the value of her private and personally identifiable data and content.  Defendant's actions caused damage to and loss of Plaintiff's property right to control the dissemination and use of her personal information and communications.

75.    Defendant reaped unjust profits and revenues in violation of the UCL. This includes Defendant's profits and revenues from their targeted marketing campaigns.

76.     Defendant's unfair, fraudulent, and unlawful business practices, as enumerated and explained above, were the direct and proximate cause of financial injury to Plaintiff and the Class Members.  Defendant has been unjustly benefitted as a result of its wrongful conduct. Accordingly, Plaintiff and the Class Members seek an order of this Court that includes, but is not limited to, requiring Defendant to: (a) provide restitution to Plaintiff and the Class Members; (b) disgorge all revenues obtained as a result of its violations of the UCL; (c) pay attorneys' fees and costs for Plaintiff and the Class Members.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgement against Defendant, as follows:

a.     For an order certifying the Class and naming Plaintiff as a representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

b.     For an order declaring Defendant's conduct violates the statutes referenced herein;

c.     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.     For actual, compensatory, statutory, and/or punitive damages in amounts to be determined by the Court and/or jury;

e.     For prejudgment interest on all amounts awarded;

f.     For injunctive relief as pleaded or as the Court may deem proper;

g.     For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses, and costs of suit.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

Dated:  August 11, 2023          **BURSOR & FISHER, P.A**.

By:    */s/ L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

*Attorneys for Plaintiff*